United States District Court
Southern District of Texas
**ENTERED**
March 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MUSKET CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-100 |
| | § | |
| SUNCOR ENERGY (U.S.A.) MARKETING, INC., | § | |
| | § | |
| *Defendant*. | § | |

# ORDER

Pending before the court is a motion for partial summary judgment filed by defendant Suncor Energy (U.S.A.) Marketing, Inc. ("Suncor"). Dkt. 46. Suncor seeks summary judgment on plaintiff Musket Corporation's ("Musket") claim that Suncor breached a contract between Suncor and Mustket by failing to deliver crude oil. *Id.* The court has considered the motion, response, reply, and applicable law, and finds that Suncor's motion should be DENIED WITHOUT PREJUDICE.

The parties had a Master Agreement that contains a provision indicating that if Suncor failed to deliver the crude oil that was the subject of the agreement, Suncor would be liable only for the difference between "reasonable costs that are incurred by [Musket] to purchase an equivalent quantity of crude oil" and the amount that would have been payable under the Master Agreement. Dkt. 46, Ex. A § S(b) (the "Cover Clause"). They also had an agreement called a "Physical Transaction Confirmation" that includes a provision stating: "For the duration of the Term, [Suncor] shall be the exclusive supplier of [crude oil] to the Windsor Terminal," which is Musket's terminal in Windsor, Colorado (the "Exclusivity Provision"). Dkt. 49, Ex. A. Musket contends, among other claims, that Suncor breached the contract because it did not deliver the crude oil in the agreed-upon quantities. *See* Dkt. 25.

Suncor seeks summary judgment on this claim because Musket admitted during discovery that it did not purchase crude oil from another supplier to cover its loss. *See* Dkt. 46 at 2 & n.2.

Suncor argues that because there is no alternative supplier, there are no damages under the Cover Clause of the Master Agreement. *Id.* Musket argues that it could not have "covered" the loss by obtaining crude oil from another supplier because if it had done so, it would have breached the Exclusivity Provision in the Physical Transaction Confirmation. Dkt. 49. Musket thus contends that the Exclusivity Provision and the Cover Clause are in conflict. *Id.* Musket argues that, due to this conflict, the Exclusivity Provision trumps the Cover Clause because the Physical Transaction Confirmation specifically states that "'[i]n the event of a conflict between this [Physical] Transaction [Confirmation] and the Master Agreement, this [Physical] Transaction [Confirmation] shall govern.'" *Id.* (quoting Dkt. 46, Ex. A at 6). Musket additionally argues that Suncor should be estopped from arguing that Musket failed to seek a different supplier to cover the damages because Suncor consistently promised to perform. *Id.* Finally, Musket argues that Suncor's motion is premature because discovery in ongoing and the court should address all of the breach of contract claims together. *Id.*

The court, which has wide discretion to manage its docket, finds the last argument persuasive. *See Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) (discussing the discretion afforded to trial judges). Given the facts of this specific case, it makes more sense to interpret the contract all at once rather than attempting to piecemeal the claims before the conclusion of discovery. Accordingly, Suncor's motion for partial summary judgment is DENIED WITHOUT PREJUDICE. Suncor is free to reassert the motion at the conclusion of discovery in conjunction with any other requests for summary judgment.

Signed at Houston, Texas on March 17, 2016.

_____
Gray H. Miller
United States District Judge