United States District Court
Southern District of Texas

**ENTERED**

October 18, 2016

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MUSKET CORPORATION, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-100 |
| | § | |
| SUNCOR ENERGY (U.S.A.) | § | |
| MARKETING, INC., | § | |
| | § | |
| *Defendant.* | § | |

**ORDER**

Pending before the court is defendant Suncor Energy (U.S.A.) Marketing, Inc.'s ("Suncor") motion to exclude the expert testimony of Doug Lumry. Dkt. 74. Suncor argues that Lumry's expert testimony should be excluded because Lumry failed to both file an expert report and provide sufficient basis for his testimony. Dkt. 74 at 2. After reviewing the motion, response, reply, and applicable law, the court is of the opinion that Suncor's motion to exclude should be DENIED.

**I. BACKGROUND**

This is a breach of contract case. Dkt. 74 at 1. Suncor and plaintiff Musket Corporation ("Musket") entered into an agreement under which Suncor would supply crude oil to Musket via Musket's Windsor Terminal. *Id.* Musket filed a breach of contract claim in January 2015 asserting that Suncor failed to deliver the agreed upon quantities of crude oil. Dkt. 1 at 2–3. Suncor filed a breach of contract counterclaim asserting that Suncor performed but that Musket was not capable of receiving the agreed-upon quantities of crude oil volumes from Suncor. Dkt. 12 at 6–9.

The instant motion concerns whether to exclude the testimony of Musket's expert witness, Doug Lumry. Dkt. 74. Lumry is a Musket employee who serves as general manager of Musket's

crude and rail operations.  Lumry Dep. 8:12-14.  In its expert witness disclosure, Musket designated

Lumry as a non-retained expert witness.  Dkt. 85, Ex. A at 6.  In this disclosure, Musket stated that

it expected Lumry to give expert testimony relating to:

> (1) Musket's efforts to lease, mobilize and manage the logistics of
> providing rail cars to the Windsor Terminal;
> (2) rail equipment leasing and logistics, including:
>> (2.1) the reasonableness of these efforts and
>> (2.2) how these efforts compare to those in other crude oil loading
>> facilities; and
> (3) the track layout at the Windsor Terminal.

*Id.*

Suncor claims that Lumry's expert testimony concerning "Musket's performance at the

Windsor Terminal and how its performance compares to other crude oil facilities" is impermissible

because: (1) Lumry provided no expert report pursuant to the court's scheduling order, and

(2) Lumry failed to provide a basis for his opinions in either Musket's expert designation or his

deposition testimony and is therefore unqualified under Rule 702.  *Id.*

In response, Musket argues first that Lumry is a non-retained expert witness and as a result

is exempt from the expert report requirement under Rule 26(a)(2)(C).  Dkt. 85 at 2.  Musket claims

that the court's scheduling order "does not differ from Rule 26(a)(2)(C) and require a report for non-

retained experts" where the rule does not.  *Id.*  Second, Musket contends that Lumry provided the

basis for his expert opinions through his deposition examination and that he is qualified to testify

as an expert based on his "vast experience, knowledge, training and education on matters relating

to the rail-road aspects of crude-loading terminals."  *Id.*

Suncor replies that Musket misapplies the law in claiming that the parties' scheduling order

does not require a non-retained expert to submit an expert report.  Dkt. 93 at 1 (citing *Carr v.

Montgomery Cty. Tex.*, Civ. No. H-13-2795, 2015 WL 5838862 (S.D. Tex., Oct. 7, 2015)).  Suncor

claims that the scheduling order required Lumry to explain the basis of his opinions at the time of his designation as an expert witness rather than waiting for his deposition. *Id.* at 2. As a result, Suncor reaffirms its argument that Lumry should be excluded as an expert witness because he (1) failed to provide an expert report disclosing the bases for his opinions at the time of his designation, and (2) under Rule 702, he is unqualified to testify as an expert on Musket's Windsor Terminal operation and capacity issues. *Id.* at 2-3.

## II. FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER

### A. Legal Standard

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of its expert witnesses to the other parties. Fed. R. Civ. P. 26(a)(2)(A). This rule distinguishes between expert witnesses required to submit a written report and those not required to submit a written report. Fed. R. Civ. P. 26(a)(2)(B-C). Expert witnesses required to submit a written report are those "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). All other expert witnesses are not required to provide a report. Fed R. Civ. P. 26(a)(2)(C).

### B. Analysis

Suncor argues that Lumry's expert testimony should be struck because he failed to file an expert report pursuant to this court's scheduling order and Rule 26. Dkt. 74 (citing Dkt. 56; Fed. R. Civ. P. 26). It contends that when an expert fails to comply with court orders his testimony should be excluded. *Id.* at 2 (citing *Wright v. Nelson*, No. CivA399CV2522D, 2001 WL 804529, *2 (N.D. Tex. July 10, 2011)). Specifically, Suncor argues that when a court orders an expert report and none is provided, then that expert's testimony should be struck. *Id.* (citing *Anderson v. Sharp*, 192 F.3d 127, 127 (5th Cir. 1999)). Suncor also contends that a failure to provide a basis for an expert's

3

opinion when ordered by the court serves as another ground for excluding an expert witness's testimony. *Id.* at 2-3 (citing *Sierra Club v. Cedar Point Oil Co.*, 73 F. 3d 546, 579 n.46 (5th Cir. 1996)). Suncor concludes that because Lumry failed to file an expert report and because he failed to include any basis for his expert opinions, Musket violated the court's scheduling order and as a result Lumry's testimony should be struck. *Id.* at 3.

In its response, Musket argues that Lumry was not required to produce an expert report because he was a fact witness and a non-retained expert witness. Dkt. 85 at 4. It notes that Rule 26(a)(2)(C) specifically exempts non-retained experts from the expert report requirement. *Id.* (citing Fed. R. Civ. P. 26(a)(2)(C)). Musket contends that Suncor is really claiming that the court's scheduling order displaces the Federal Rules of Civil Procedure, requiring an expert report for non-retained experts when the Federal Rules do not. *Id.* Musket cites two cases from this court that differentiated between reporting requirements for retained and non-retained expert witnesses and had similar scheduling orders. *Id.* at 4 & n.6 (citing *Carr*, 2015 WL 5838862, at *2; *Velasquez v. Danny Herman Trucking, Inc.*, Civ. No. H-14-2791, 2015 WL 8764271 (S.D. Tex., Dec. 15, 2015)). Musket argues that Lumry has been an employee of Musket for eleven years and does not regularly give testimony in legal proceedings. Dkt. 85 at 5. It notes that Lumry did not receive compensation for his role as expert witness and that this is his first occasion serving as an expert witness. *Id.* As a result, Musket contends that Lumry is clearly excused from producing an expert report under Rule 26 and the court's scheduling order. *Id.*

In their reply, Suncor claims that Musket misapplies *Carr* and that it does not serve as a precedent for the division of expert witnesses in the Federal Rules overriding this court's scheduling order. Dkt. 93 at 2 (citing 2015 WL 5838862, at *3). It also claims that Musket disregards the language of the scheduling order requiring all experts to provide the basis for their opinions in their

4

designations. Dkt. 93 at 2. Suncor reaffirms its argument that because Lumry failed to file an expert report and to provide a basis for his opinions in accordance with the court's scheduling order, his expert testimony should be struck. *Id.*

The court's scheduling order is entered pursuant to Federal Rule of Civil Procedure 16(b), which permits courts to enter a scheduling order that modifies the timing of disclosures under Rule 26(a) and 26(c)(1). Fed. R. Civ. P. 16(b)(3)(B). The court's scheduling order requires the plaintiff and counter-plaintiff to identify their expert witnesses by "a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion" by April 5, 2016. Dkt. 56. In identical language, the scheduling order also requires the defendant and counter-defendant to identify their expert witnesses by May 3, 2016. Dkt. 56.

Rule 26(a)(2)(B) requires an expert witness to submit a written report if he or she is "one retained or specially employee to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(C) exempts all expert witnesses not meeting the above characteristics listed in Rule 26(a)(2)(B) from the written report requirement. Fed. R. Civ. P. 26(a)(2)(C). Rule 26(a)(2)(D) requires that "absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. Pro. 26(a)(2)(D). The court's scheduling order in accordance with Rule 16(b) is intended solely for scheduling reports of experts who are required to file reports under Rule 26(a). Fed. R. Civ. P. 16(b) (listing permissible extent of a Rule 16(b) scheduling order).

Lumry is an employee of Musket who has never served as an expert witness before. Lumry Dep. 15:15-16:22. As such, he is exempt from the expert report requirement under Rule 26(a)(2)(C). Fed. R. Civ. Pro. 26(a)(2)(C). Musket complied with the court's scheduling order by identifying

5

Lumry in its expert designation report.  Dkt. 85. Ex. A, at 6.  In its expert designation, Musket also

presented the bases for Lumry's expert opinions as his "over 30 years of transportation experience,"

as required by Rule 26(a)(2)(C).  *Id.*  Accordingly, Suncor's motion to exclude for failure to provide

an expert report is DENIED.

### III.  IMPERMISSIBLE UNDER RULE 702

#### A.  Legal Standard

The Supreme Court of the United States acknowledged in *Daubert v. Merrell Dow*

*Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining

the admissibility of expert testimony.  *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597–98,

113 S. Ct. 2786 (1993).  Rule 702 provides:

> A witness who is qualified as an expert by knowledge, experience,
> training, or education may testify in the form of an opinion or
> otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge
> will help the trier of fact to understand the evidence or to determine
> a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods;
> and
> (d) the expert has reliably applied the principles and methods to the
> facts of the case.

Fed. R. Evid. 702.  Under *Daubert*, a trial court acts as a "gatekeeper," making a "preliminary

assessment of whether the reasoning or methodology properly can be applied to the facts in issue."

*Daubert*, 509 U.S. at 592–93; *see also Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct.

1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir. 2002).  *Daubert* and its

principles apply to both scientific and non-scientific expert testimony.  *Kumho Tire*, 526 U.S. at 147.

Experts need not be highly qualified to testify, and differences in expertise go to the weight of the

testimony, rather than admissibility.  *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Nonetheless, courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592–93; *Moore*, 151 F.3d at 276. "The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion is reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

**B. Analysis**

Suncor argues that Lumry is unqualified to testify to the reasonableness of Musket's performance regarding other crude oil loading terminals. Dkt. 74 at 3. It contends that Lumry's testimony is not the "product of reliable principles and methods" and that he has not "reliably applied [these] principles and methods to the facts of the case." *Id.* (citing Fed. R. Evid. 702). Suncor points to the court's role as a gatekeeper between the expert and the jury and the court's responsibility for determining the admissibility of an expert's testimony. *Id.* (quoting *Kumho Tire Co.*, 526 U.S. at 152 ("The key function of the court in assessing admissibility is 'to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the

courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field")).  Suncor claims that Lumry bases his testimony only on his experience with Musket and "some general education courses unrelated to direct experience with other crude-by-rail facilities."  Dkt. 74 at 4.  Suncor argues that non-direct experience and education alone are insufficient bases because they are unreliable and without "objective, independent validation."  *Id.* (quoting *Texokan Operating, Inc. v. Hess Corp.*, 89 F. Supp. 3d 903, 908 (S.D. Tex. 2015)).  In addition, Suncor contends that Lumry simply assures the accuracy of his expert testimony without providing a reliable basis beyond his experience, education, and industry association involvement. *Id.*  Because "mere assurances by an expert witness as to the accuracy of his own methods or results, in the absences of other credible supporting evidence, is [sic] insufficient," Suncor concludes that Lumry's expert testimony is impermissible.  *Id.* (quoting *Castello v. Chevron USA*, 97 F. Supp. 2d 780, 792 (S.D. Tex. 2000)).

Musket responds by arguing that Lumry provides sufficient bases for his opinions in his deposition testimony. Dkt. 85 at 9.  Musket argues that Lumry has over thirty years of transportation experience, involving both carriers and shippers, and relating to rail, truck, and barge logistics. Dkt. 85 at 9.  Musket notes that in his testimony, Lumry stated he was involved with the "design and layout of diesel and ethanol terminals" and discussed the similarities between these types of terminals and crude-by-rail terminals.  *Id.* at 9-8.  Musket argues that Suncor "intentionally narrows Lumry's testimony" and ignores the extent of the deposition testimony.  *Id.* at 10-11.  It notes that Lumry provided other bases for his testimony beyond his experience at Musket.  *Id.* at 11 (citing Lumry Dep. 140:17–141:13).  Musket contends that Lumry's deposition testimony makes it clear that he relies on the full breadth of his experience to reach his opinions rather than just his time at Musket.  *Id.* at 12.

8

In addition, Musket contends that Suncor's arguments relate to the weight the jury should give Lumry's testimony rather than its admissibility.  *Id.*  As a gatekeeper, Musket claims, the district court's duty is "to make certain that an expert, whether basing testimony upon professional studies, or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert on the relevant field."  *Id.* (citing *Pipitone*, 288 F.3d at 244). According to Musket, the advisory committee's notes for Rule 702 contemplate that experience may be a sufficient basis for an expert witness testimony.  *Id.*  It also cites the U.S. Supreme Court's holding in *Kumho Tire* that "an expert might draw a conclusion from a set of observations based on extensive and specialized experience."  *Id.* (citing *Kuhmo Tire Co.*, 526 U.S. at 156).  Regardless, Musket argues that the factual basis of an expert's opinion generally relates to the weight the jury should give it and not its admissibility. *Id.* at 13.  Musket contends the court's role as gatekeeper does not replace the adversarial system.  *Id.*  Instead, Suncor has the option of "vigorous cross-examination, presentation of contrary evidence, and careful instruction of the burden of proof [to the jury]" as methods of attacking expert testimony. *Id.* (quoting *Daubert*, 509 U.S. at 596).  Musket concludes that Lumry is qualified to present his expert testimony on the bases he described in his deposition.  *Id.*  Regardless, Musket contends that questions concerning an expert witness's basis for his opinions affect the weight a jury should give to that expert's testimony and not its admissibility.  *Id.* (citing *Elliot v. Amadas Indus., Inc.*, 796 F. Supp. 2d 796, 806 (S.D. Miss. 2011)).

In its reply, Suncor reasserts that Lumry has failed to supply a basis for his expert opinion other than "his biased experience with Musket's terminals."  Dkt. 93 at 3.  Suncor also claims that Lumry's experience with the design and layout of diesel terminals is irrelevant because it does not relate to the crude-by-rail terminal at issue in this case. *Id.* at 3-4.  Suncor concludes that Lumry is unqualified to testify as an expert regarding "Musket's inability to ratably operate [Windsor

Terminal] due to capacity and operational issues," and that, as a result, his testimony should be excluded.  *Id.* at 4.

Rule 702 assigns the trial judge "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *See Daubert*, 509 U.S. at 597.  Under Rule 702, a witness qualifies as an expert by "knowledge, skill, experience, training or education." Fed. R. Evid. 702.  Lumry meets these basic qualifications through his thirty-years of transportation experience with carriers and shippers and his education.  Dkt. 85 Ex. A at 6.  His experience also provides a reliable principle by which to consider the reasonableness of Musket's performance through comparison with other terminals. As a result, Lumry's testimony as a non-retained expert witness both rests on a "reliable foundation" and is "relevant to the task at hand."  *See Daubert*, 509 U.S. at 597.   Suncor retains the power to attack any defects in Lumry's testimony through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."  *Id.* at 596.  Accordingly, Suncor's motion to exclude Lumry's expert testimony based on his failure to meet the requirements of Rule 702 is DENIED.

## IV. CONCLUSION

Suncor's motion to exclude the expert testimony of Lumry is DENIED.

Signed at Houston, Texas on October 18, 2016.

_____
Gray H. Miller
United States District Judge